UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**PAUL STEFANYSHYN,**

Plaintiff,

v.

**SHAFER CONTRACTING CO., INC.,**

Defendant.

Civil No. 05-0559 (JNE/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Paul Stefanyshyn, pro se

Timothy Ewald, Esq. for Defendant

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came before the undersigned Chief Magistrate Judge of District Court on May 24, 2005 on Defendant's Motion to Dismiss. The case has been referred to the undersigned for a Report and Recommendation per an Order of Reference by the District Court.

**I.   INTRODUCTION**

On a motion to dismiss, the Court "must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) (citing Hafley v. Lohman, 90

F.3d 264, 266 (8th Cir. 1996)).  A case should be dismissed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In the Complaint, Plaintiff Paul Stefanyshyn alleges the following facts, which the Court will accept as true.  Mr. Stefanyshyn was employed by Defendant Shafer Contracting Co., Inc. ("Shafer") as a truck driver until March 2, 2004.  During his employment, Mr. Stefanyshyn had two accidents while on the job, neither of which were his fault, but they were difficult for him to cope with.  On an unknown date, the two parties signed a release of employment agreement.  However, Mr. Stefanyshyn's former attorney, William Hauck, did not explain the terms of the release to Mr. Stefanyshyn, and he did not given him a copy of the agreement until April 9, 2004.  When Mr. Stefanyshyn signed the release of employment agreement, he was unaware of the Minnesota Human Rights Act ("MHRA"), specifically Minn. Stat. § 363.031,[1] and the Age Discrimination in Employment Act ("ADEA").  Mr. Stefanyshyn would not have signed the agreement had he known its terms, and he returned a check to Shafer's attorney, who forwarded the check to Shafer. Mr. Stefanyshyn asked Mr. Hauck if he could seek re-employment

---

[1] This section has been renumbered to Minn. Stat. § 363A.31.

with Shafer, but Mr. Hauck said Shafer would not rehire him. Mr. Hauck is no longer a practicing attorney.

## II. DISCUSSION

Shafer moves to dismiss the Complaint on three grounds: (1) the claims are barred by a release and settlement agreement signed by the parties; (2) Mr. Stefanyshyn's claims are barred by statutes of limitations; and (3) the Complaint fails to allege sufficient facts to establish a claim under either the MHRA or the ADEA. The Court finds dismissal warranted under all three grounds.

### A. The Release and Settlement Agreement

Shafer has provided a copy of the release and settlement agreement to the Court. (Zins Aff. Ex. A.) On a motion to dismiss in a case involving a contract, a court may consider contract documents without converting the motion to one for summary judgment. Stahl v. U.S. Dept. of Agric., 327 F.3d 697, 700 (8th Cir. 2003) (citing In re K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002); Rosenblum v. Travelbyus.com. Ltd., 299 F.3d 657, 661 (7th Cir. 2002)); see also Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (permitting examination of documents "necessarily embraced by the pleadings") (quoting Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997)). A settlement agreement is a contract. Michalski v. Bank of Am., 66 F.3d 993, 996 (8th Cir.

1995) (citation omitted). Courts have examined settlement agreements in deciding motions to dismiss. See, e.g., Obrecht v. Electrolux Home Prod., Inc., No. C04-3089-MWB, 2005 WL 578477, at *2 (N.D. Iowa Mar. 9, 2005).

  The agreement in this case is titled as a "Complete Release and Satisfaction of Claims" and was signed by Shafer and Mr. Stefanyshyn on March 2, 2004. The agreement reflects a termination of employment date of September 2, 2003. In exchange for a cash settlement, Mr. Stefanyshyn agreed to release Shafer from all claims relating to his employment or resignation of employment. The agreement expressly mentioned the ADEA and MHRA and advised Mr. Stefanyshyn of his right to consider and rescind the agreement.

  The law encourages settlement of disputes. Schmitt-Norton Ford, Inc. v. Ford Motor Co., 524 F. Supp. 1099, 1102 (D. Minn. 1981). A settlement involving a release is presumed valid, and validity is proven by intentional execution of the release and the receipt of full consideration. Id. Here, both parties signed the release, and Mr. Stefanyshyn received consideration for it. At the hearing, Mr. Stefanyshyn stated that the money is currently in a checking account under his control. Mr. Stefanyshyn's only challenge to the agreement seems to be that his former attorney did not sufficiently explain the terms of the agreement. A lawyer's improper advice as to the legal effect of a release is not grounds to nullify the agreement when the language of the

release is not ambiguous and there was no fraud or duress.  <u>Pilon v. Univ. of Minn.</u>, 710 F.2d 466, 467-68 (8th Cir. 1983).  Here, Mr. Stefanyshyn does not contend that the wording of the release is ambiguous.  Similarly, there is no allegation of fraud or duress.

Having found the release valid, the Court now turns to the question of whether the release bars Mr. Stefanyshyn's claims in this case.  The ADEA claim is explicitly barred by the agreement.  (Zins. Aff. Ex. A. at III.b.)  As to the MHRA claim, Mr. Stefanyshyn has based his cause of action on Minn. Stat. § 363A.31, which limits waivers of claims made under the MHRA.  Subdivision 1 of § 363A.31 prohibits waivers of prospective claims and is not applicable here; Mr. Stefanyshyn has not alleged any violation of the MHRA occurring after the execution of the release.  Subdivision 2 permits a party to a release to rescind a waiver of claims within fifteen days after the execution of the release.  Minn. Stat. § 363A.31, subd. 2.  "[T]he rescission must be in writing and delivered to the waived or released party either by hand or mail within the 15-day period."  <u>Id.</u>  The release in this case was executed on March 2, 2004.  Mr. Stefanyshyn does not allege he attempted to rescind the release in compliance with the statutory requirements.  Thus, the release effectively bars any and all claims under the MHRA.  In sum, Shafer's motion to dismiss should be granted because the release and settlement agreement bar Mr. Stefanyshyn's ADEA and MHRA claims.

### B.  **Statutes of Limitations**

As alternative grounds for dismissal, the Court finds that Mr. Stefanyshyn's claims are also barred by the applicable statutes of limitations. The ADEA requires a person to file a charge with the Equal Employment Opportunities Commission within either 180 days or 300 days of the alleged unlawful practice before filing a civil action.  29 U.S.C. § 626(d).  An individual must exhaust administrative remedies before filing an action in federal court. Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (citing Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 835 (8th Cir. 2002)).  First, there is no allegation or indication that Mr. Stefanyshyn ever pursued any administrative remedies.  Second, as the parties agreed in the release and settlement agreement, Mr. Stefanyshyn resigned from his employment on September 2, 2003.  The Complaint was filed on March 16, 2005,[2] greatly exceeding even the 300-day period.  Thus, the Court concludes that the ADEA claim is barred.

As to the MHRA claim, the Act requires an individual to file suit within one year of the alleged unlawful practice.  Minn. Stat. § 363A.28, subd. 3.  To the extent the Complaint can be construed as including a claim for an

---

[2]  Mr. Stefanyshyn served Shafer with a copy of the summons and Complaint on March 2, 2005, but he did not file the Complaint.  Shafer actually filed the Complaint along with its Notice of Removal to federal court on March 15, 2005.  (Doc. No. 1.)

unfair discriminatory action,[3] Mr. Stefanyshyn has not complied with the one-year limitation period. He waited for well over a year before filing his Complaint, as measured from his date of resignation. The Complaint explicitly includes a claim under Minn. Stat. § 363A.31 concerning the release, which was executed on March 2, 2004. The Complaint in this case was filed on March 16, 2005, over a year after the date of the release. Mr. Stefanyshyn's claim under the MHRA is likewise barred.

### C. Failure to State a Claim upon which Relief Can Be Granted

Finally, the Court finds that the Complaint should be dismissed because Mr. Stefanyshyn did not set forth sufficient factual allegations supporting his claims. The Complaint focuses primarily on the conduct of Mr. Hauck and his role as Mr. Stefanyshyn's attorney when the release was executed. The Complaint contains no allegation that Shafer acted in a discriminatory manner because of Mr. Stefanyshyn's age. See 29 U.S.C. § 623(a) (defining unlawful practices under the ADEA). The Complaint also fails to allege either that Mr. Stefanyshyn acted in a timely manner to rescind the release or that he did so in writing. See Minn. Stat. § 363A.31. Accordingly, Shafer is entitled to dismissal because Mr. Stefanyshyn has not alleged sufficient facts to state a claim under either the ADEA or MHRA.

---

[3] The Complaint does not reference Minn. Stat. § 363A.33 as the basis for a claim, only § 363A.31.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (Doc. No. 5) be **GRANTED**, and the case should be **DISMISSED WITH PREJUDICE**

Dated:  May 26, 2005

    s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by June 15, 2005.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.